Daniel, Judge.
 

 The Court is called upon to put a construction upon the residuary clause in the will of Annis Moore; and also to decide upon the rights of the parties, according to the facts admitted in the pleadings. We are of the opinion that, by a fair interpretation of the said clause, as stated in the bill and admitted in the answers, the testatrix intended the
 
 residuum
 
 of her property should be divided
 
 into Jive
 
 equal shares.
 
 One
 
 share was to go to (he two Brinkleys; and
 
 one other
 
 share to the two Hardies; and the
 
 three
 
 other shares to the three other named legatees, viz: Lucinda Godley, Annis Nelson and Marina Forest. This construction we think necessarily follows, when we see the word
 
 “and”
 
 the first copulative conjunction, placed immediately preceding the Christian names of the
 
 two
 
 Brinkleys; and the words “ to draw
 
 one
 
 share, placed immediately following the names of the said two Brinkleys. Then comes the bequest to the
 
 two
 
 Hardies, in these words, “ also Marina and Nancy Hardie to draw
 
 one
 
 share,”
 

 
 *33
 
 The testatrix having directed “ shares” of this fund to be allotted to some of the said residuary legatees, the whole fund must necessarily be supposed to have been intended by the testatrix to be first
 
 equally divided
 
 into five shares; and then, two of these five shares to be again divided between the Brinkleys and Hardies.- This being so, made the legatees take in distinet shares. Mrs. Nelson, one of the legatees, having died before her mother, the testatrix, and having left- a son, William Nelson, one share of the five will belong to him, by virtue of the act of Assembly* 1 Rev. Stat. ch. 122, sec. 15, John A. Brinkley, one of the two Brinkleys who was to have
 
 one
 
 share, having died in the life time of the testatrix, the question now is, whether his
 
 moiety of one share
 
 survives to the other legatees, or whether it lapses and goes to the next of kin of the testatrix? We are of the opinion that all the residuary legatees, whether taking whole shares, or moiety of shares, would have been, if they had lived, not joint tenants, but tenants in common of the fund; therefore, the
 
 moiety
 
 of the
 
 one
 
 share bequeathed to the said John Alexander Brinkley, lapsed, and now belongs to the next of kin of the testatrix.
 

 Per Curiam. Decree' accordingly.